## In re PARISEAU.

No. 56799.

District Court, D. Massachusetts.

Oct. 1, 1936.

A. John Ganem, of Lawrence, Mass., for bankrupt.

Max Mandelstam, of Boston, Mass., for objecting creditor.

SWEENEY, District Judge.

In this case the master has found that the bankrupt on January 8, 1935, before a petition in bankruptcy had been filed against him, started with his wife and children to drive to New Orleans by automobile, taking with him $2,500 in cash.

The master has found that he lost $1,700 gambling at the race tracks in that city; that he started back and arrived at home about the 24th of March, 1935, without funds. On January 18, 1935, an involuntary petition in bankruptcy had been filed against the bankrupt by some of his creditors. However, the bankrupt had no actual notice of the filing of the bankruptcy petition until his return in the latter part of March, 1935.

A creditor has filed objections to the granting of a discharge to this bankrupt, the principal ground being that he transferred, removed, wasted, destroyed, and concealed his assets with an intent to hinder, delay, or defraud his creditors.

While generally the explanation of loss of assets by gambling is looked upon with some suspicion, yet I am bound by the master's findings in this case that this man's assets were actually dissipated by gambling. I can find nothing in the law which denies a discharge to a bankrupt because he has gambled. This bankrupt had been put out of active business a month before by a sheriff's sale. While the more honorable thing for him to have done would have been to distribute to his creditors the $2,500 which he wasted on the New Orleans trip, nevertheless, under the facts as found by the special master, I can find no authority or decisions for refusing a discharge to this bankrupt.

As to the other two grounds set forth by the objecting creditor, the referee has found in substance that the charges were not well founded, and has recommended that the discharge be not denied because of these two grounds. I, therefore, rule that the bankrupt is entitled to a discharge in bankruptcy.